UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JACOB FRYDMAN,

                              Plaintiff,               **COMPLAINT**

        - against -

ENDURANCE AMERICAN INSURANCE CO.,
a Delaware corporation,

                              Defendant.
----------------------------------------------------------------X

      Plaintiff JACOB FRYDMAN (hereinafter "Frydman"), by and through his undersigned counsel, as and for his Complaint against Defendants ENDURANCE AMERICAN INSURANCE CO. ("Endurance" or "Defendant"), avers as follows:

## NATURE OF THE CASE

      1.     This is an action for breach of contract, seeking to recover amounts due and payable under a "Primary Management Liability Insurance for Public Companies" policy, no. FIP10007615700 (the "Policy"), written by Defendant Endurance American Co. effective as of August 14, 2015 through September 15, 2020, with a policy limit of $5,000,000, for the benefit a publicly-traded REIT known as United Realty Trust, Inc. and its directors and officers, which at the relevant time included Plaintiff Frydman. As detailed below Plaintiff has incurred over $2.2 million in legal fees and other expenses in connection with an investigation of the Company's activities by the Securities Exchange Commission from June 2016, and through November 2019. Plaintiff gave timely notice of the investigation to Endurance, provided additional information as requested, submitted copies of invoices from counsel retained for that investigation, and then demanded reimbursement of those funds. Unfortunately Endurance (now owned by a foreign insurance conglomerate) has refused to honor the policy and reimburse those expenses.

1

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Frydman is a resident of Dutchess County in the State of New York and currently maintains his principal place of business in Dutchess County. Frydman was the Chief Executive Officer of, and a director of, United Realty Trust Inc. (the "Trust") during the period of time that was investigated by the SEC from 2016 through 2019, and the expenses for which he seeks reimbursement were all incurred as a result of his service as an officer and director of the Trust.

3. Defendant Endurance is a Delaware corporation that is not registered to do business in New York State. According to the website maintained by the New York State Secretary of State, Endurance has *never* been registered to do business in New York State. In about 2017, Endurance was acquired by a Japanese insurance conglomerate that does business in the United States under the name Sompo International, although no such entity is registered to do business in New York State, or in Delaware, where the conglomerate has registered some corporations that appear to own its assets and businesses in the United States.

4. This Court has jurisdiction over this dispute pursuant to the federal diversity jurisdiction statute, 18 U.S.C. § 1332, as the parties are residents of different states and the amount in controversy, exclusive of fees and costs, far exceeds $75,000.

5. Venue is proper in this District, and this action should be referred to the White Plains courthouse of this District, because most of the acts and events for which Plaintiff seeks to recover took place in this District, and Plaintiff's relevant business records are located in his home office in Dutchess County. Moreover, notwithstanding its failure to register to do business in New York, it appears that Endurance at some time held itself out as having a headquarters office in the town of Purchase, New York.

**FACTS**

6. In 2015, Plaintiff was the CEO and a director of the Trust.

7. Effective as of August 14, 2015, the Trust's insurance broker issued a Certificate of Insurance for what was described as "Primary Management Liability Insurance for Public Companies", policy no. FIP10007615700, written by Defendant Endurance American Co. A true and correct copy of this Certificate of Insurance is attached hereto as Ex. A. As is customary for D&O coverage, the Policy promised to reimburse losses incurred by the Trust's officers and directors in connection with covered events.

8. The Policy term was for six years, through September 15, 2021.

9. Beginning in June 2016, and through November 2019, the Trust was the subject of various investigations and requests for information by the Securities Exchange Commission and others, principally regarding a transaction that closed in September 2016, in which the Trust sold the bulk of its assets to a company called First Capital, controlled by a person named Suneet Singal. The SEC investigation of the Trust's transaction with First Capital and Singal was, thus, clearly covered by the Policy.

10. The Trust, and Plaintiff, gave Endurance timely notice of these covered events, and requested reimbursement of their expenses. The policy had a general retention (a deductible) clause of $500,000 for each loss, which the primary insured was obligated to cover, if it were in business and able to indemnify an insured individual under the Policy.

11. Frydman was an insured individual under the Policy.

12. The Policy further provided, in the section referred to as "Insuring Agreement A", that if the primary insured (the Trust) were unable to indemnify Frydman, he would be covered as for "Insured Person Liability" which provided for $0 Retention (deductible).

13. As a result of wrongdoing by Singal – which was being investigated by the SEC – the Trust ended up with no assets left to cover any deductible, and the Trust was unable to indemnify Plaintiff. Thus, Plaintiff had to cover the payments made by the Trust in connection with the SEC investigation.

14. Defendant responded to the notice provided by Plaintiff by asking for information, and suggested that they would review the claim at the end of the investigations in question.

1. On December 19, 2019, Plaintiff reported to Defendant's claims processor that the SEC had just filed a civil enforcement action against Singal and First Capital, alleging that they had engaged in substantial, large-scale fraud. Plaintiff noted that since the investigation of him and the Trust appeared to be wrapping up, he looked forward to presenting an itemized account of covered expenses, for which he would seek reimbursement. A true and correct copy of Plaintiff's December 19, 2019 letter to Defendant's claims processor is attached hereto as Ex. B.

2. In letters dated April 23, 2020 and October 27, 2020 (copies of which are attached hereto as Ex. C and D), Plaintiff presented those itemized records of his costs and fees incurred – invoices from various well-regarded outside counsel, with a link to a Dropbox folder that contained a large amount of relevant documents relating to the investigation, and to the fees incurred. The total amount of reimbursement sought was $2,221,294.35.

3. Because the Trust had been rendered insolvent by Singal's fraud, it was unable to pay any deductible or retainage, nor indemnify Plaintiff as contemplated by the Policy.

15. Plaintiff therefore made his demand of Defendant for coverage under Insuring Agreement A for the losses incurred for "Insured Person Liability" which provided for $0 Retention (deductible).

4. Plaintiff's demand comports to the settled rules of insurance law, which provides that deductibles are to be charged to the primary insured – the corporation paying for the insurance – and not to the company's offices and directors (such as Plaintiff), and Plaintiff claimed the right to reimbursement in full, without any deductible.

5. Plaintiff has provided any and all information and documentation requested by Defendant, showing that they were all incurred in connection with the SEC investigation.

6. To date, Defendant has not reimbursed any of the expenses incurred by Plaintiff.

7. Defendant has been given due warning, in writing, that its continued refusal to honor the policy would require Plaintiff to pursue a lawsuit to recover the amounts due under the policy.

8. To be clear, Defendant Endurance's utterly unjustified refusal to pay these *bona fide* expenses, which are clearly covered by the Policy, constitutes bad faith conduct by the insurer. Plaintiff is not asserting such a claim *at this time*, however, solely in the hope of reaching a prompt resolution of this matter after this filing.

AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

9. Plaintiff hereby incorporates each of the preceding paragraphs 1-19 as if set forth fully herein.

10. Since it was written in August 2015, the Policy referenced above and described in Ex. A has a valid and binding insurance contract under New York law.

11. Plaintiff, as the then-CEO of the Trust, was a named insured under the Policy at the time that it was in effect.

12.    The transaction between the Trust and First Capital closed in September 2015, when the Policy was in effect.

13.    During the time the Policy was in effect, Plaintiff incurred $2,221,294.35 in legal fees and other expenses that are covered by the express terms of the Policy.

14.    Plaintiff gave Defendant due and timely notice that he was incurring expenses and other losses that were covered under the Policy, and demanded reimbursement of those amounts.

15.    The retainage limit under the Policy has been exhausted.

16.    Plaintiff has performed any and all other acts and obligations required to obtain reimbursement of the above-referenced costs and expenses.

17.    Defendant has wrongly refused to reimburse any of Plaintiff's covered fees and expenses.

18.    Defendant's refusal to reimburse Plaintiff constitutes a breach of its contractual obligations under the Policy.

19.    Plaintiff is therefore entitled to recover the full amount of each of the fees and expenses he has submitted for payment to Defendant, with interest from the date that each such demand should have been reimbursed.

WHEREFORE, Plaintiff prays that the Court enters judgment in Plaintiff's favor in an amount of not less than $2,221,294.35, with interest thereon, to the fullest extent permitted by law for interest accruing on damages for breach of contract, and for such other and further relief as may be just and equitable.

## Demand for Jury Trial

    Plaintiff hereby demands a jury trial of all issues triable thereby.

Dated:  June 29, 2022
New York, New York

        /s/ Leo Jacobs
        ———————————

Jacobs P.C.
450 Lexington Avenue, 4th Floor
New York, NY 10017
(718) 772-8704
leo@jacobspc.com

**CRYSTAL & COMPANY**

Financial Square
32 Old Slip, 17th floor
New York, New York 10005-3504
PHONE 212 344-2444    800 221-5830
FAX 212 509-1292

## CONFIRMATION OF INSURANCE

Original

| NAMED INSURED | BINDER DATE | BINDER NO. |
|---|---|---|
| United Realty Trust Incorporated<br>60 Broad Street<br>New York, NY  10005 | 09/16/15 | 313446 |

| | CLIENT CODE | POLICY TYPE |
|---|---|---|
| | UNITRE | Endorsement |

Page 1 of 2

| ACCOUNT EXECUTIVE |
|---|
| Melissa Lishner 212-504-5829 |

| EFFECTIVE DATE | EXPIRATION DATE | POLICY NUMBER | INSURER |
|---|---|---|---|
| 08/14/15 | 09/15/21 | FIP10007615700 | Endurance American Insurance |

**COVERAGE DESCRIPTION AND AMOUNTS/LIMITS**

In consideration of the premium charged, it is hereby understood and agreed that RUNOFF coverage is bound effective from 12:01 A.M., STANDARD TIME, September 15, 2015 to 12:01 A.M., STANDARD TIME, September 15, 2021 as per the following terms and conditions:

Limit of Liability (Inclusive of Claims Expenses): $5,000,000

Retention (Each Loss):    $500,000

Premium: (Six year):   $303,750 (less Return Premium of $123,255 for a net
                       AP for RUNOFF of $180,495

Paper:  Endurance American Insurance Company

Policy Form: Primary Management Liability Insurance for Public Companies

Coverage is bound pursuant to the terms and conditions of expiring policy FIP10007615700, inclusive of the following additional endorsement:

Run-Off Coverage Period: 6 Years

Please note that if between the date of this letter and the effective date of binding coverage there exists any material changes in the information (including but not limited to claims or potential claims) originally submitted or subsequently requested by the Insurer, the applicant is required to advise the potential Insurer immediately and prior to binding the coverage. The potential Insurer fully reserves its rights with respect to the underwriting acceptance or denial of the account in the event of such a material change in information.

# CRYSTAL & COMPANY

Financial Square
32 Old Slip, 17th floor
New York, New York  10005-3504
PHONE 212 344-2444     800 221-5830
FAX 212 509-1292

## CONFIRMATION OF INSURANCE

Page 2 of 2

| NAMED INSURED | BINDER DATE | BINDER NO. |
|---|---|---|
| United Realty Trust Incorporated | 09/16/15 | 313446 |

**COVERAGE DESCRIPTION AND AMOUNTS/LIMITS**

This confirmation of insurance sets forth the general terms, conditions and subjectivites, if any, of placement effected by Crystal & Company on your behalf and at your direction. This confirmation of insurance will be cancelled, superseded and replaced upon delivery of the insurer's binder of coverage. The insurer's binder will be in effect and control this placement until the receipt of the insurer's formal policy/bond documentation.

In addition to the fees and/or commissions received by Crystal & Company for the placement of insurance, in certain circumstances other parties, including other intermediaries, may earn and retain usual and customary commissions for their role in providing insurance products or services under their separate contracts with insurers and/or reinsurers. Further, in certain segments of our business, some of our compensation may be derived from supplemental or bonus commissions paid by insurers or intermediaries based on criteria designed by the insurer or intermediary, to value all the policies that we place with it in a particular period.

| | |
|---|---|
| Premium: | Endurance American Insurance Company |
| Confirmed By: | Authorized Representative: Steven Kane |
| At Crystal & Company Refer To:<br>Melissa Lishner | Admitted:   X           Non-Admitted: |

JACOB FRYDMAN
46 LEDGEROCK LANE
HYDE PARK, NY 12538

October 27, 2020

Jennifer L. Odrobina
Vice President, Technical Specialist
Sompo International Insurance
1221 Avenue of the Americas
New York, NY 10020

Via email

Re: Named Insured - United Realty Trust Incorporated ("URT")
    Insurer: Endurance American Insurance Company
    Policy: Primary Management Liability Insurance Policy
    Policy Period: September 15, 2015 to September 15, 2021 (Run -off)
    Limit of Liability: $5,000,000
    Policy No: FIP10007615700 (the "Policy")
    Matter: SEC Subpoenas
    Claim No: 10101794

Dear Ms. Odrobina,

In furtherance of April 30, 2020 correspondence, we have completed compiling the applicable documentation to submit in support or the above captioned Claim. I have attached back-up exhibits to support our claim for $2,221,294.35 in accordance with the schedule attached hereto which can be found at the following link:
https://www.dropbox.com/sh/hu4vpgniw9k37cz/AAAzss7fV7ie_TmQB1g1ZKzqa?dl=0

As I stated in my prior correspondence, this claim is being asserted WITHOOUT Retention for this Claim. The appropriate Retention should be the "Insured Person Liability" ($0 Retention)-Insuring Agreement A. This is in accord with the terms and conditions of the Policy as well as the relevant facts.

As addressed in my prior correspondence, all of the individuals who received a subpoena from the SEC were not provided indemnification by the "Company". The "Company" was not permitted by common or statutory law to indemnify the individuals. At the time that the SEC subpoenas were received, neither the Advisor nor the "Company" existed as a solvent entity, and there were no assets available to provide indemnification for the expenses incurred related to the SEC matters. In addition, as a former Executive, as well as the insured under a tail Policy, I expect the Insurer to provide coverage without a Retention when indemnification is not possible or permitted.

Please confirm receipt, and please advise as to when you intend to pay the claim.

Very truly yours,

Jacob Frydman

**Arnold & Porter**

| | | |
|---|---|---|
| 12/27/2017 | 10273935 | |
| | 10277994 | |
| | 10275562 | $ 91,382.17 |
| 12/5/2018 | 10302418 | $ 54,382.00 |

**Baker Botts -ALM**

| | | |
|---|---|---|
| 9/15/2016 | 1515692 | $ 2,000.00 |
| 9/12/2018 | 1613052 | $ 13,481.50 |
| 10/9/2018 | 1617237 | $ 43,031.75 |
| 11/7/2018 | 1621354 | $ 13,201.56 |

**Baker Botts - JAF**

| | | |
|---|---|---|
| 1/11/2018 | 1581020 | $ 9,966.00 |
| 2/13/2018 | 1584619 | $ 24,386.67 |
| 3/12/2018 | 1588287 | $ 25,052.98 |
| 4/11/2018 | 1592214 | $ 50,805.47 |
| 5/9/2018 | 1596199 | $ 43,605.90 |
| 6/8/2018 | 1600084 | $ 44,863.90 |
| 8/14/2018 | 1609077 | $ 249.00 |
| 10/9/2018 | | $ 35,471.09 |
| 8/8/2019 | 1660778 | $ 3,504.00 |
| 9/10/2019 | 1664925 | $ 1,536.00 |
| 10/10/2019 | 1669822 | $ 336.00 |
| 11/13/2019 | 1673963 | $ 771.70 |

**Neal Brickman**

| | | |
|---|---|---|
| 5/4/2018 | 56112 | $ 3,900.00 |
| 5/5/2018 | 56113 | $ 1,710.00 |

**Greenberg Traurig**

| | | |
|---|---|---|
| 7/12/2017 | 4536914 | $ 16,039.00 |
| 8/2/2017 | 4552571 | $ 30,528.00 |
| 9/11/2017 | 4578617 | $ 48,016.81 |
| 1/2/2018 | 4672180 | $ 26,632.95 |
| 4/11/2018 | 4742230 | $ 2,527.50 |

**Herrick**

| | | |
|---|---|---|
| 6/30/2016 | 299873 | $ 9,211.93 |
| 7/31/2016 | 301228 | $ 2,546.20 |
| 9/19/2016 | 303081 | $ 35,102.25 |
| 9/22/2016 | 303171 | $ 30,077.71 |
| 10/28/2016 | 304890 | $ 19,070.54 |
| 11/16/2016 | 306008 | $ 24,862.99 |
| 12/12/2016 | 307088 | $ 24,069.22 |
| 12/13/2016 | 307084 | $ 25,128.57 |
| 3/7/2017 | 310489 | $ 78,296.39 |
| 4/19/2017 | 312084 | $ 39,481.17 |
| 4/20/2017 | 312089 | $ 82,037.57 |
| 4/20/2017 | 312085 | $ 187,938.41 |
| 4/19/2017 | 312086 | $ 253,841.45 |
| 4/19/2017 | 312090 | $ 9,690.00 |

**Mintz Levin**

| | | |
|---|---|---|
| 7/7/2017 - 3-3-20 | matter 052382-002 | $812,558.00 |

**TOTAL**                                                     $ 2,221,294.35