UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACOB FRYDMAN,

                Plaintiff,

    -v-                                No. 22-CV-5558 (KMK)

ENDURANCE AMERICAN                TRANSFER ORDER
INSURANCE CO,

                Defendant.

---

KENNETH M. KARAS, United States District Judge:

On June 29, 2022, Jacob Frydman ("Plaintiff") filed a complaint against Endurance American Insurance Co. ("Defendant") for an alleged breach of an insurance contract. (*See* Compl. (Dkt. No. 1).) On August 16, 2022, Defendant filed a letter motion requesting a pre-motion conference in anticipation of filing a motion to dismiss the complaint. (*See* Letter from Erica J. Kerstein to Court (Dkt. No. 10).) On August 23, 2022, Plaintiff requested leave to file an amended complaint, (*see* Letter from Leo Jacobs to Court (Dkt. No. 12)), which was granted the next day by the Court, (*see* Dkt. No. 13). On September 6, 2022, Plaintiff filed a letter with the Court requesting dismissal of the instant Action without prejudice for a lack of diversity jurisdiction. (*See* Letter from Leo Jacobs to Court ("Jurisdiction Ltr.") (Dkt. No. 14).) Plaintiff stated that Defendant maintains its principal place of business in New York. (*Id*.)

As relevant to the instant Action, 28 U.S.C. § 1332 establishes that diversity jurisdiction exists over civil actions between (1) "citizens of different States" and (2) "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2). For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *Id*. at (c)(1).

A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Importantly, "diversity jurisdiction is available only when all parties to a litigation are completely diverse in their citizenships." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001); *see also Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)). "Furthermore, it is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Herrick Co.*, 251 F.3d at 322–23 (alteration in original) (citing *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).

Here, "it is unquestioned that the only source of federal subject matter jurisdiction [in this Action] is diversity of citizenship pursuant to 28 U.S.C. § 1332." *Id*. at 322.  Plaintiff, a resident of New York, filed this contract dispute alleging that Defendant, a Delaware corporation, was "not registered to do business in New York State." (Compl. ¶ 3.)  Plaintiff also stated that "[i]n about 2017, [Defendant] was acquired by a Japanese insurance conglomerate that does business in the United States under the name Sompo International," and that "no such entity is registered to do business in New York State." (*Id*.)  Therefore, Plaintiff stated that "[t]his Court has jurisdiction over this dispute pursuant to the federal diversity jurisdiction statute." (*Id*. at 4.)

However, Plaintiff recently disclosed that, due to "further investigation" associated with drafting its amended complaint, Plaintiff discovered that Defendant maintains its principal place

of business in New York. (*See* Jurisdiction Ltr.)[1] Defendant apparently confirmed as much in conversation with Plaintiff. (*Id.*) As such, both Plaintiff and Defendant are "citizens" of the same state and lack the proper subject matter jurisdiction to be before this Court.

This Court has the authority to transfer a case for improper venue. *See* 28 U.S.C. § 1406. A district court who is assigned a case that lacks proper venue "shall dismiss [the case], or if it [is] in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* at (a); *see also Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 435 (2d Cir. 2005) (noting that a court must decide whether to "simply affirm dismissal on these [improper venue] grounds or, in the interest of justice, order transfer of the action to another district where jurisdiction and venue properly obtain"). Accordingly, the Court transfers this action to New York state court.

The Clerk of Court is respectfully requested to transfer the case to New York state court forthwith and close this action.

SO ORDERED.

DATED:   September 9, 2022
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not specify where Defendant maintains its principal place of business in New York. (*See* Jurisdiction Ltr.) However, Plaintiff previously stated that "it appears that [Defendant] at some time held itself out as having a headquarters office in the town of Purchase, New York." (Compl. ¶ 5.) Given Defendant's confirmation that it maintains a principal place of business in New York, (*see* Jursidiction Ltr.), the exact location of Defendant's principal place of business is immaterial to the question at hand.